**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1473 Heather Place, Pottstown, PA 19464

Address of Defendant: 650 Westtown Road, West Chester, PA 19380

Place of Accident, Incident or Transaction: 650 Westtown Road, West Chester, PA 19380
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒
RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) DISCRIMINATION - sex/pregnancy

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
(*Check Appropriate Category*)

I, Edward C. Sweeney, Esquire, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 4/28/16   _Edward C Sweeney_   64565
Attorney-at-Law   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/28/16   _Edward C Sweeney_   64565
Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LINDSAY MORTON
1473 Heather Place, Pottstown, PA 19464

### DEFENDANTS
A. DUIE PYLE, INC.
650 Westtown Road, West Chester, PA 19380

(b) County of Residence of First Listed Plaintiff: **Montgomery**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Chester**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
EDWARD C. SWEENEY, ESQ., WUSINICH & BROGAN P.C.
537 W. Uwlchan Ave., Suite 200, Downingtown, PA 19335    610-594-1600

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII, 42 U.S.C. § 2000e

Brief description of cause:
Pregnancy Discrimination / Sex discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____
DOCKET NUMBER _____

DATE: 4/27/16

SIGNATURE OF ATTORNEY OF RECORD: *Edward Sweeney*

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDSAY MORTON<br>1473 Heather Place<br>Pottstown, PA 19464 | : | CIVIL ACTION |
| Plaintiff | : | NO. |
| vs. | : | |
| A DUIE PYLE INC.<br>650 Westtown Road<br>West Chester, PA 19830 | : | |
| Defendant | : | JURY TRIAL DEMANDED |

## COMPLAINT

### JURISDICTION AND VENUE

1. Federal jurisdiction is conferred based on the Pregnancy Discrimination Act which amended Title VII, 42 U.S.C. §2000e, et seq. Plaintiff's Title VII right to sue letter was issued 2/1/16 and was received on 2/3/16 and is attached as Exhibit A. This Complaint was filed within 90 days. Plaintiff cross-filed this matter under the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.C.S. §951, et seq., with the Pennsylvania Human Relations Commission and it has been one year since that cross-filing. This Court has jurisdiction over the state law claims in light of the foregoing basis for federal jurisdiction. More than year has passed since this matter was filed in the PHRA.

2. Venue is proper in the Eastern District of Pennsylvania because the alleged discrimination occurred in Chester County, the Plaintiff lives in Montgomery County, and the Defendant is located in Chester County.

## PARTIES

2. Plaintiff is Lindsay Morton with address of 1473 Heather Place, Pottstown, PA 19464.

3. Defendant A. Duie Pyle Inc. ("Defendant" or A. Duie Pyle) is a corporation at 650 Westtown Road, West Chester, Pa 198380.

## FACTS

4. Defendant had more that fifteen employees at the time of Plaintiff's termination.

5. Plaintiff worked at Defendant since September 9, 2013.

6. Plaintiff was fired on February 12, 2014 by Defendant because of her pregnancy (sex).

7. At all relevant times to this Complaint, Plaintiff was of the female sex, was pregnant, and had related medical conditions relating to her pregnancy.

8. Plaintiff's immediate supervisor was Stephanie Cottman.

9. Plaintiff told Ms. Cottman she had a high risk pregnancy in and around early February and she would need to have a number of medical appointments for the high risk appointments.

10. Ms. Cottman told Mr. Gaskill, Ms. Cottman's supervisor, of the high risk pregnancy and the need for medical appointments related to the high risk pregnancy.

11. By amendment through the Pregnancy Discrimination Act, Title VII defines the term "because of sex" as including, but not limited to, "because of or on the basis of pregnancy, childbirth, or related medical conditions." 42 U.S.C. §2000e(k).

12. The second clause of the PDA further provides that "women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work."

13. Several days previous to February 11, 2014, Plaintiff informed Defendant's manager Stephanie Cottman that she need to go to an appointment for a high risk pregnancy on February 11, 2014.

14. On February 10, 2014, Dave Gaskill, one of Defendant's higher level supervisors and Stephanie Cottman's one over, told Plaintiff through Cottman that Plaintiff need to find some other employee to fill her shift or that Plaintiff needed to come back after her appointment, and Plaintiff told her it was moved to the 12th because of an unexpected upcoming snow storm

15. Ms. Cottman told Plaintiff in this conversation that it was o.k. if she could not find someone because under the circumstances of the timing and low staffing in the unit it would be hard to find someone to full in for her.

16. Plaintiff tried to find someone to fill her position on February 12th.

17. Ms. Cottman would later approve Plaintiff to go to the appointment when Plaintiff could not find someone to replace Plaintiff.

18. Plaintiff went to the appointment on February 12, 2014.

19. Plaintiff came back to work as requested.

20. Plaintiff was fired when she came back to work on the same day, February 12th.

21. Plaintiff was met as soon as she came back to work by Ms. Cottman who immediately took her to a room with a Human Resource (HR) representative, an HR Specialist, named "Chad."

22. Ms. Cottman stayed for the meeting.

23. Plaintiff was told she was being fired for a "poor attitude" and work performance reasons.

24. Plaintiff challenged the HR Specialist and said "You're not firing me because of my pregnancy???"

25. The HR Specialist responded, "No," and he did not elaborate and Plaintiff was escorted out

26. Plaintiff was fired because of her sex and pregnancy, including her medical conditions and appointments, and the possible disruption same may cause in the workplace and with her work performance.

27. Plaintiff was treated differently from other similarly situated employees who were not woman, or pregnant, or had a need for a medical appointments because of their non-pregnancy related condition, who were similar in ability or inability to work, including but not limited in being told to find a replacement worker and being terminated given her high risk pregnancy and/or her medical appointments.

28. Plaintiff alleges that the discriminatory acts of the Defendants, as described above, caused injuries to the Plaintiff, including loss of wages, loss of employment benefits, loss of potential future income and employment benefits, mental anguish, stress, anxiety, humiliation, and loss of life's pleasures.

29. Defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights.

30. Defendant's conduct was perpetrated by supervisory level employees or above, including second line supervisors and human resource officials.

32. Defendant did not have written policies and procedures in place to guard against sexual or pregnancy discrimination.

33. Defendant did not adequately implement its policies and procedures against discrimination, including but not limited through appropriate training.

34. Defendant's conduct is grounds for punitive damages.

35. Plaintiff was earning $13 an hour.

36. Plaintiff was earning approximately $27,000 per year

37. Plaintiff was within a month of being awarded benefits and would have received benefits on an ongoing basis but-for Defendant's conduct, said benefits being properly awarded to Plaintiff under the facts of this case.

38. Plaintiff would have continued to work for Defendant but for her termination through her pregnancy.

## COUNT I

## LINDASY MORTON V. A. DUIE PYLE INC.

### PREGNANCY DISCRIMINATION ACT/TITLE VII

### PREGNANCY DISCRIMINATION

39. Plaintiff incorporates the foregoing allegations as if set forth herein at length.

40. Plaintiff is in a protected class under the Pregnancy Discrimination Act and Title VII.

41. Defendant discriminated against and terminated Plaintiff because of her sex, because she was pregnant, and because of her related medical conditions.

5

42. Plaintiff was treated differently from similar situated persons who were not women, not pregnant, and did not have pregnancy related conditions.

43. Plaintiff has sustained damages, including but not limited to loss of earnings, loss of benefits, and compensatory damages (pain and suffering).

44. Defendant is liable for punitive damages.

45. Plaintiff's losses were proximally caused by Defendant's discrimination.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including back pay and front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee under relevant statutory law if the prevailing party; (4) the employee's expert witness fee, if any; (5) rehire to Defendant to his former position (with all back and future benefits he would have been entitled to); (6) damages for pain, suffering, humiliation, and emotional distress; (7) punitive damages; (8) interest; (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (10) other costs of the action.

## COUNT II

## LINDASY MORTON V. A. DUIE PYLE INC.

### PREGNANCY DISCRIMINATION ACT/TITLE VII

### RETALIATION

47. Plaintiff incorporates the foregoing allegations as if set forth herein at length.

48. Plaintiff is in a protected class under the Pregnancy Discrimination Act and Title VII (sex/pregnant).

6

49. Plaintiff was retaliated against for having been pregnant or because of having a high risk pregnancy and/or the necessity of having medical appointments for the high risk pregnancy, having reported same to the Defendant.

50. Plaintiff has sustained damages, including but not limited to loss of earnings, loss of benefits, and compensatory damages (pain and suffering).

51. Punitive damages are appropriate under the facts of this case.

52. Plaintiff's losses were proximally caused by Defendant Patwell's discrimination.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including back pay and front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee under relevant statutory law if the prevailing party; (4) the employee's expert witness fee, if any; (5) rehire to Defendant to his former position (with all back and future benefits he would have been entitled to); (6) damages for pain, suffering, humiliation, and emotional distress; (7) punitive damages; (8) interest; (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (10) other costs of the action.

## COUNT III
## LINDASY MORTON V. A. DUIE PYLE INC.
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
## PREGNANCY DISCRIMINATION

53. Plaintiff incorporates the foregoing allegations as if set forth herein at length.

54. Plaintiff Susan Santiago is in a protected class under the Pennsylvania Human Relations Act (sex/pregnant).

55. Defendant discriminated and terminated Plaintiff because of her pregnancy.

56. Plaintiff was treated differently from similar situated persons who were not women, not pregnant, and did not have pregnancy related conditions.

57. Plaintiff has sustained damages, including but not limited to loss of earnings, loss of benefits, and compensatory damages (pain and suffering).

58. Plaintiff's losses were proximally caused by Defendant's discrimination.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including back pay and front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee under relevant statutory law if the prevailing party; (4) the employee's expert witness fee, if any; (5) rehire to Defendant to his former position (with all back and future benefits he would have been entitled to); (6) damages for pain, suffering, humiliation, and emotional distress; (7) interest; (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (9) other costs of the action.

## COUNT IV

## LINDASY MORTON V. A. DUIE PYLE INC.

## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

## RETALIATION

59. Plaintiff incorporates the foregoing allegations as if set forth herein at length.

60. Plaintiff is in a protected class under the Pennsylvania Human Relations Act (sex/pregnant).

61. Plaintiff was retaliated against for having been pregnant or because of having a high risk pregnancy and/or the necessity of having medical appointments for the high risk pregnancy, having reported same to the Defendant.

8

62. Plaintiff has sustained damages, including but not limited to loss of earnings, loss of benefits, and compensatory damages (pain and suffering).

63. Plaintiff's losses were proximately caused by Defendant's discrimination.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including back pay and front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee under relevant law if the prevailing party; (4) the employee's expert witness fee, if any; (5) rehire to Defendant to his former position (with all back and future benefits he would have been entitled to); (6) damages for pain, suffering, humiliation, and emotional distress; (7) interest; (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (9) other costs of the action.

Respectfully submitted,

WUSINICH & BROGAN

Date: April 28, 2016

BY: Edward C. Sweeney    /s/
Edward C. Sweeney, Esquire
537 West Uwchlan Avenue, Suite 200
Downingtown, PA 19335
(610) 594-1600

Attorney for Plaintiff, Lindsay Morton

# EXHIBIT A

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

RECEIVED FEB 03 2016

## DISMISSAL AND NOTICE OF RIGHTS

To: Lindsay Morton
442 Upland Street Apt. D6
Pottstown, PA 19464

From: Philadelphia District Office
801 Market Street
Suite 1300
Philadelphia, PA 19107

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2014-02917 | Legal Unit, Legal Technician | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Spencer H. Lewis, Jr.,
District Director

2/1/16 (Date Mailed)

Enclosures(s)

cc: Christopher J. Moran, Sr.
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103

Edward C. Sweeney
WUSINICH & BROGAN
537 West Uwchlan Avenue
Suite 200
Downingtown, PA 19335

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDSAY MORTON<br>1473 Heather Place<br>Pottstown, PA 19464 | : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff | : <br> : | NO. |
| vs. | : <br> : | |
| A DUIE PYLE INC.<br>650 Westtown Road<br>West Chester, PA 19830 | : <br> : <br> : <br> : | |
| Defendant | : | JURY TRIAL DEMANDED |

**JURY DEMAND OF PLAINTIFF LINDSAY MORTON**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Lindsay Morton hereby demands a trial by jury in the above-captioned action of all issues triable by jury.

Dated: April 28, 2016

                                         <u>Edward C. Sweeney   /s/</u>
                                         Edward C. Sweeney
                                         Wusinich & Brogan P.C.
                                         537 West Uwchlan Avenue, Suite 200
                                         Downingtown, PA 19335
                                         (610) 594-1600

                                         Attorney for Plaintiff Lindsay Morton